# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEX PRODUCTS, INC., a Nevada corporation; and PETROCHEM MANUFACTURING, INC., a Nevada corporation,<br><br>                      Plaintiffs,<br>  vs.<br>VALLEY SLURRY SEAL COMPANY, a California corporation,<br><br>                      Defendant. | CASE NO. 09cv2220-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application for TRO"), filed by Plaintiffs Flex Products, Inc. ("Flex") and Petrochem Manufacturing, Inc. ("Petrochem"). (Doc. # 6).

## BACKGROUND

On October 7, 2009, Plaintiffs initiated this action by filing a Complaint for Patent Infringement against Defendant. (Doc. # 1). On Friday, October 9, 2009, at 6:32 p.m., Plaintiffs filed the Application for TRO against Defendant. (Doc. # 6). The docket does not reflect that Defendant has been served pursuant to Federal Rule of Civil Procedure 4, and Defendant has not filed an appearance. However, the Application for TRO contains a certificate of service, which states that Plaintiffs' "counsel certifies that it has delivered to Defendant Valley via facsimile and overnight delivery this Ex Parte Application and Memorandum of Points and Authorities, and the accompanying Declarations of Bryan Burris and Frederick Berretta and exhibits attached thereto." (Doc. # 6 at 15).

Plaintiffs move for the entry of an order:

> temporarily restraining and preliminarily enjoining Defendant Valley Slurry Seal Company ('Valley') and its agents, representatives, and all other persons acting in concert or participation with Valley, during the pendency of this action, from engaging in, committing or performing, directly or indirectly, any and all of the following acts:
>
> > From manufacturing, using, selling or offering to sell any rubberized emulsion aggregate slurry ('REAS') paving composition falling within the scope of the claims of U.S. Patent No. 5,811,477 ('the '477 patent').

(Doc. # 6 at 1). The Application for TRO is made on the grounds that:

> (1) Flex is the owner of the '477 patent; (2) Petrochem is the exclusive licensee of the '477 patent in California; (3) Valley has formulated and tested samples of REAS and obtained approval from the County of Riverside ('the County') to use its REAS for the County's Slurry Seal and Cape Seal Projects at various locations in the County, Project No. X0901 (the 'Project') for application on streets in the County; (4) Valley's manufacture, sale and use of its REAS paving composition infringes one or more claims of the '477 patent; (5) Valley may have already begun using its infringing REAS on the Project and applying it to streets in the County, or such use is imminent; and (6) the TRO would not delay the Project because Plaintiffs are willing and able to supply their patented REAS paving composition ('Flex Seal') to Valley for the balance of the Project.

(Doc. # 6 at 1).

The Application for TRO is accompanied by a declaration from the President of Plaintiff Petrochem, Bryan B. Burris, a declaration from Plaintiffs' counsel, and attached exhibits. Among the exhibits is a letter dated September 10, 2009 from a materials engineer with the County of Riverside to Defendant Valley stating: "After reviewing the documentation and laboratory report of tests provided, the Materials lab has determined that the subject mix design covering all the proposed materials to be acceptable for use in the Rubberized Slurry Seal." In his declaration, Burris states:

> I understand that Valley has developed its own REAS product for use on the Project, and may have already started using their product on the Project.... Valley's continued infringement will cause immediate and irreparable harm to Flex and Petrochem if Valley is not restrained. Immediately, Petrochem will lose substantial anticipated revenues if it is not able to provide its Flex Seal product for the County of Riverside for the Project. I anticipate that this loss will reduce Petrochem's anticipated annual revenues by between 5% and 10%. Additionally, if Valley is allowed to continue substituting their product for ours, it will disrupt existing and future relationships with paving contractors and potentially reduce our market share for years to come. Even if a monetary judgment against Valley is eventually granted, the potential loss of contracts and revenues in the interim will immediately and permanently harm Petrochem's business and a valuable portion of the '477 patent's remaining term will be wasted. Finally, if Valley is allowed to sell its product to other paving

contractors, it may force Petrochem to file additional lawsuits which will be expensive and surely harm current and future business relationships.

(Burris Decl. ¶¶ 4, 7, Doc. # 6-3).

## DISCUSSION

Federal Rule of Civil Procedure 65(b) provides:

(b) Temporary Restraining Order.

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) Contents; Expiration. Every temporary restraining order issued without notice ... expires at the time after entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension....

Fed. R. Civ. P. 65(b).

Plaintiffs' Application for TRO fails to comply with the requirements of Rule 65(b). The Application for TRO does not contain "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* The Complaint is not verified, and the only reference to immediate and irreparable injury in the submitted declarations is above-quoted paragraph from the Burris Declaration. The evidence in support of the Application for TRO fails to specifically indicate: when Defendant began or will begin work involving REAS on the County project; when Plaintiffs received the September 10, 2009 letter from the County; and what efforts Plaintiffs made to apprise Defendant of Plaintiffs' claims between the time when Plaintiffs received the September 10, 2009 letter and when Plaintiffs filed the October 9, 2009 Application for TRO. Additionally, Plaintiffs' proposed temporary restraining order contains no time limitation, as required by Rule 65(b). *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002) (holding that a "temporary restraining order" with a 30-day

1  duration and which was entered after an adversary hearing is "appropriately characterize[d]"
2  as a preliminary injunction) (citing *Sampson v. Murray*, 415 U.S. 61, 87-88 (1974) ("where
3  an adversary hearing has been held, and the court's basis for issuing the order strongly
4  challenged, classification of [a] potentially unlimited order as a temporary restraining order
5  seems particularly unjustified").

6  Accordingly, IT IS HEREBY ORDERED that the Application for TRO (Doc. # 6) is
7  **DENIED**.

8  DATED: October 13, 2009

                                                **WILLIAM Q. HAYES**
                                                United States District Judge