**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLEX PRODUCTS, INC., a Nevada corporation; and PETROCHEM MANUFACTURING, INC., a Nevada corporation,<br><br>                         Plaintiffs,<br>vs.<br>VALLEY SLURRY SEAL COMPANY, a California corporation,<br><br>                         Defendant. | CASE NO. 09cv2220-WQH-JMA<br><br>ORDER |
| VALLEY SLURRY SEAL COMPANY, a California corporation,<br><br>                         Counterclaimant,<br>vs.<br>FLEX PRODUCTS, INC., a Nevada corporation; and PETROCHEM MANUFACTURING, INC., a Nevada corporation,<br><br>                         Counter-Defendants. | |

HAYES, Judge:

       The matter before the Court is the Motion to Dismiss Without Prejudice ("Motion to Dismiss"), filed by Plaintiffs and Counter-Defendants Flex Products, Inc. and Petrochem Manufacturing, Inc. ("Plaintiffs"). (Doc. # 24).

**I.    Background**

       On October 7, 2009, Plaintiffs initiated this action by filing a Complaint for Patent Infringement against Defendant Valley Slurry Seal Company ("Valley" or "Defendant").

1  (Doc. # 1).  The Complaint alleges that Defendant's rubberized asphalt emulsion paving
2  composition infringes on Plaintiffs' U.S. Patent No. 5,811,477 ("the '477 Patent").

3  On October 30, 2009, Defendant filed an Answer and Counterclaim for Declaratory
4  Judgment against Plaintiffs.  (Doc. # 10).  Defendant seeks a declaratory judgment that the
5  '477 Patent is invalid and/or Defendant has not infringed on the '477 Patent.

6  On April 7, 2010, Plaintiffs filed the Motion to Dismiss. (Doc. # 24). Plaintiffs "move
7  this Court for an Order ... dismissing this entire patent infringement action, including the
8  counterclaims of Defendant ..., without prejudice." (Doc. # 24 at 1). Plaintiffs contend that
9  "this lawsuit no longer involves the clearly infringing paving composition that Valley had
10  initially proposed on the Riverside Project. Moreover, Valley's newly proposed product is still
11  in development, and may never become commercially significant enough to warrant years of
12  expensive patent litigation."  (Doc. # 24-1 at 1).  Plaintiffs contend that Defendant's
13  counterclaims should be dismissed without prejudice because there is no declaratory judgment
14  jurisdiction, or, alternatively, the Court should exercise its discretion to dismiss the
15  counterclaims because "the counterclaims in effect ask the Court to provide an advisory
16  opinion on whether Valley's proposed new and largely untested ... formulation infringes the
17  '477 patent." (Doc. # 24-1 at 10). Plaintiffs contend that the Court should decline to condition
18  any dismissal without prejudice upon Plaintiffs' payment of any of Defendant's attorney's fees
19  because "Plaintiffs have been diligent in filing this motion for voluntary dismissal, which was
20  filed only six months after commencing the action, prior to the beginning of fact discovery,
21  and only after engaging in numerous good faith settlement discussions that unfortunately did
22  not bear fruit."  (Doc. # 24-1 at 11-12).

23  On May 3, 2010, Defendant filed an opposition to the Motion to Dismiss.  (Doc. # 26).
24  Defendant contends that it "will suffer prejudice if this Court grants Plaintiffs' motion.
25  Plaintiffs have effectively threatened Defendant with multiple successive lawsuits." (Doc. #
26  26 at 5). Defendant contends that its paving product is "commercially viable" and Defendant
27  "does not anticipate making substantial modifications to its product design or formula." (Doc.
28  # 26 at 8). Defendant contends that "[i]f this Court divests itself of jurisdiction, then it will put

Defendant in the untenable position where it must gamble every time it manufactures, uses and sells its product." (Doc. # 26 at 9). If the Court grants Plaintiffs' motion, Defendant requests an order requiring Plaintiffs to pay Defendant's attorney's fees and costs.

## II. Discussion

### A. Voluntary Dismissal

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. *Id.* "Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Plain legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute legal prejudice. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands*, 100 F.3d at 96. A defendant is only entitled to recover "attorneys' fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Defendant contends that it will suffer prejudice if this Court grants Plaintiffs' motion because "Plaintiffs have effectively threatened Defendant with multiple successive lawsuits, which is apparent by Plaintiffs' refusal to enter into a covenant not to sue with Defendant. ... Plaintiffs will use the threat of litigation to attempt to prevent Defendant from developing, using, and selling its product." (Doc. # 26 at 5). However, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water*

1 *District*, 100 F.3d at 96 (rejecting the contention that plain legal prejudice was established by
2 "evidence ... establish[ing] that continued uncertainty over water rights, created by the specter
3 of future litigation over the proper apportionment of water, could serve as a deterrent for
4 long-term agricultural investment and could adversely affect the financial viability of the
5 defendant-intervenors"). After review of the record, the Court concludes that Defendant will
6 not suffer plain legal prejudice as a result of the granting of Plaintiffs' Motion to Dismiss.
7 Plaintiffs' Complaint is dismissed without prejudice.

8     Defendant requests its attorney's fees and costs as a condition of dismissal, asserting
9 that "Defendant has incurred significant fees and costs to defend itself." (Doc. # 26 at 10).
10 However, Defendant has failed to itemize its fees and costs, or explain which, if any, of its fees
11 and costs represent "work which cannot be used in any future litigation" between the parties.
12 *Westlands*, 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the
13 payment of costs and attorney fees, the defendants should only be awarded attorney fees for
14 work which cannot be used in any future litigation of these claims."). The Court declines to
15 award Defendant attorney's fees or costs as a condition of dismissal.

16     **B.    Declaratory Judgment Counterclaims**

17     Article III of the United States Constitution restricts federal judicial power to the
18 adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2. The Declaratory
19 Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of
20 the United States, upon the filing of an appropriate pleading, may declare the rights and other
21 legal relations of any interested party seeking such declaration, whether or not further relief
22 is or could be sought." 28 U.S.C. § 2201. "The Declaratory Judgment Act's requirement of
23 'a case of actual controversy' simply affirms this [Article III] Constitutional requirement,
24 having long been interpreted as referring to any case and controversy that is justiciable under
25 Article III." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008)
26 (citations omitted). In deciding if the case or controversy requirement is satisfied, a court must
27 decide "whether the facts alleged, under all the circumstances, show that there is a substantial
28 controversy, between parties having adverse legal interests, of sufficient immediacy and reality

to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation omitted). "[A] case or controversy must be based on a real and immediate injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco*, 537 F.3d at 1339. "[T]he alleged injury at the root of most justiciable declaratory judgment controversies in the patent context is a restraint on the free exploitation of non-infringing goods, or an imminent threat of such restraint." *Id.* (quotation omitted). In the patent context, "the Supreme Court has affirmed declaratory judgment jurisdiction when the parties had taken adverse positions with regard to their obligations, each side presenting a concrete claim of a specific right prior to the suit." *Id.* (quotation omitted).

The sole basis for declaratory judgment and Article III jurisdiction alleged in the Counterclaims is that "a real and actual controversy" between Plaintiffs and Defendant exist, "[a]s evidenced by [Plaintiffs]' Complaint for Patent Infringement of the '477 Patent." (Answer and Counterclaim ¶ 59, Doc. # 10). It is undisputed that Plaintiffs filed their Complaint based upon a September 10, 2009 letter from the Riverside County Transportation Department regarding Defendant's proposed paving product. According to the President of Plaintiff Petrochem:

> It was at this point that Plaintiffs could confirm that Valley intended to make and use a ... paving composition that literally infringed the '477 Patent. In particular, [the September 10, 2009 letter] reveals that Valley intended to make a ... composition with a ratio of polymer latex to crumb rubber particles of about 1 to 3.4. This ratio not only infringes independent Claim 1 of the '477 Patent, it also infringes dependent Claim 29 and falls squarely within the claims of the '477 Patent. In other words, this was a virtual copy of our patented Flex Seal paving composition.

(Burris Decl. ¶ 6, Doc. # 24-2; *see also* Wallen Decl. ¶ 4 , Doc. # 26-2 ("[The September 10, 2009] letter apparently formed the basis of the Plaintiffs['] ... infringement action against [Valley].")). It is undisputed that Defendant's "product evolved several times after that [September 10, 2009] letter." (Wallen Decl. ¶ 5, Doc. # 26-2 (Defendant's Construction Division Manager); *see also* Burris Decl. ¶ 8, Doc. # 24-2). According to Plaintiff's President, "[h]ad Valley properly identified its newly-formulated ... product when it bid on the Riverside Project, instead of its clearly infringing ... formulation [stated in the September 10, 2009 letter],

1  Plaintiffs would not have filed this lawsuit...." (Burris Decl. ¶ 11, Doc. # 24-2).

2       The product formulation stated in the September 10, 2009 letter formed sole basis for
3  the Counterclaims' allegation that the Counterclaims satisfy the case or controversy
4  requirement. This formulation has "evolved several times" since the letter (Wallen Decl. ¶ 5,
5  Doc. # 26-2), and Plaintiffs have not "present[ed] a concrete claim of a specific right prior to
6  the [declaratory judgment] suit" as to Defendant's current formulation. *Prasco*, 537 F.3d at
7  1339. Defendant has submitted an affidavit that the "threat of litigation places [Defendant] in
8  an untenable situation, and may curtail or hinder [Defendant]'s ability to put its superior
9  product to its highest and best use." (Wallen Decl. ¶ 11, Doc. # 26-2). Given the evidence that
10 Defendant is actively using its newly-formulated product in the Riverside Project, the Court
11 finds that this conclusory statement in Defendant's affidavit fails to establish "a restraint on
12 the free exploitation of non-infringing goods, or an imminent threat of such restraint." *Prasco*,
13 537 F.3d at 1339. After review of the record, the Court concludes that Defendant's
14 Counterclaims do not present a case or controversy "of sufficient immediacy and reality to
15 warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

16      Even if the Court possessed Article III jurisdiction over the Counterclaims, the Court's
17 exercise of that jurisdiction is discretionary. *See id.* at 136 ("The Declaratory Judgment Act
18 provides that a court '*may* declare the rights and other legal relations of any interested party,'
19 not that it *must* do so. This text has long been understood to confer on federal courts unique
20 and substantial discretion in deciding whether to declare the rights of litigants.") (quoting 28
21 U.S.C. § 2201(a)). In exercising its discretion, "[t]he court must make a reasoned judgment
22 whether the investment of time and resources will be worthwhile." *Serco Servs. Co., L.P. v.*
23 *Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

24      The parties dispute the likelihood that Defendant's new product formulation will change
25 in the future. *Compare* Burris Decl. ¶ 11, Doc. # 24-2 ("From my experience, it takes many
26 years to develop a successful new ... paving composition that works reliably in a variety of
27 different conditions. Based upon my many years of experience in this field, I would be very
28 surprised if Valley's newly proposed formulation did not change over time, assuming it works

at all."), *with* Wallen Decl. ¶ 9, Doc. # 26-2 ("[Defendant]'s product has passed rigorous laboratory testing, and it is a commercially viable product. [Defendant] does not anticipate making substantial modifications to its product design or formula."). Given the undisputed fact that Defendant's "product evolved several times after [the September 10, 2009] letter" (Wallen Decl. ¶ 5, Doc. # 26-2), the Court finds Plaintiff's position more persuasive. This militates against exercising declaratory judgment jurisdiction. *Cf. Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004) ("The greater the variability of the subject of a declaratory-judgment suit, particularly as to its potentially infringing features, the greater the chance that the court's judgment will be purely advisory, detached from the eventual, actual content of that subject—in short, detached from eventual reality."). The parties voluntarily stayed discovery after the December 7, 2009 Early Neutral Evaluation Conference, and the parties have since focused on settlement discussions. (Wood Decl. ¶¶ 4-8). Based upon the relatively early stage of this litigation and the possibility that Defendant's product may again "evolve," the Court would decline to exercise jurisdiction over the Counterclaims.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Without Prejudice is GRANTED. (Doc. # 24). The Complaint and the Counterclaims are DISMISSED without prejudice. The parties shall bear their own fees and costs. The Clerk shall close this case.

DATED: June 16, 2010

**WILLIAM Q. HAYES**
United States District Judge